IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**PASTORA LEON, on behalf of herself
and all other similarly situated persons,
known and unknown,**

                **Plaintiff,**

**v.**

**EL-MILAGRO, INC.,**

                **El-Milagro.**

**Case: 1:11-cv-04255**

**Judge James B. Zagel
Magistrate Judge Arlander Keys**

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Plaintiffs allege that during the relevant time period at the Company's Illinois facilities, El Milagro, Inc. ("El Milagro" or "Company") violated the Fair Labor Standards Act and related Illinois wage laws for time associated with the donning and doffing of required uniforms and other equipment, obtaining and returning said uniforms at the start and end of each work shift, and walking, washing, waiting, and other incidental time (hereinafter "donning and doffing"). Defendant denies liability and has asserted several affirmative defenses. The Parties filed cross-motions for summary judgment (D.E. 29-45), which the court denied. (D.E. 52)

After significant written and oral discovery, direct negotiations, an all-day settlement conference with one of the best and most qualified mediators for wage disputes (Hunter Hughes of Rogers & Hardin, LLP) and the exchange of supplemental documents and data, the Parties have now reached a negotiated settlement of the donning and doffing claims in this case, for $2.55 Million in order to fully and finally settle any and all wage claims resulting from "off the clock" work including but not limited to time spent donning and doffing work clothes and any related incidental time related under the FLSA, state wage laws, and state common laws by any

hourly employees who were employed by El Milagro's Chicago facilities at any time between July 1, 2008-June 30, 2012.

The Parties request that the Court grant preliminary approval of the Proposed Class Settlement Agreement ("Agreement") pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b). (The Parties' Proposed Order is attached as "Exhibit 1" and the Agreement is attached as "Exhibit 2.") The Parties further request that the Court allow the attached notices (Exhibit 3) and claim forms (Exhibit 4) to be sent to class members, informing them of this settlement and how they may make a claim for a share of the settlement proceeds. The attached Notice also informs class members of their right to object to the settlement, or to opt out of the settlement if they would prefer not to be bound by it.

As outlined in the Proposed Order, the Parties also request that the Court schedule a fairness hearing pursuant to the schedule outlined below, at which time Plaintiffs would report to the Court the results of the notice process (i.e., the class members' response to the settlement, including number of claims submitted and whether any class members have objected to the settlement). At the fairness hearing, the Parties will ask the Court for final approval of the settlement so that settlement distributions may be made.

As set forth below, the proposed settlement represents a fair result for the class. This settlement will allow the Parties to avoid the risks inherent in any litigation, as well as minimizing further litigation. Because counsel for the Parties have reached this Agreement at arms-length, after heated negotiations with the assistance of a highly qualified professional mediator, and in good faith and for the benefit of the respective Parties, the Court should grant preliminary approval of this proposed settlement.

**I.     THE PROPOSED PLAN OF DISTRIBUTION OF THE SETTLEMENT FUNDS**

The Parties agree to retain as the Administrator Simpluris, Inc., 1485 S. Semoran Blvd., Suite 6-1401, Winter Park, FL 32792, whose anticipated reasonable fees and costs will be paid by the Company. Simpluris, Inc., is a firm with significant experience in class administration, and has no connection to any party, counsel, or other individual with an interest in this litigation. El Milagro represents that within two (2) business days after this Motion is approved it will deliver to the Administrator the necessary documents from which those employees' identities, last known mailing addresses, and settlement share amounts can be ascertained. Should the Court grant its preliminary approval, the Parties propose the attached Class Notice and Claim Form. Upon Court approval of this Motion, the Class Administrator will translate the Court Approved Notice and Claim Form into Spanish and provide a translated copy to Counsel for the Parties. Upon receipt, Counsel for the Parties may seek independent translation of the Court Approved Notice and Claim Form to verify the accuracy of the Spanish translated Notice and Claim Form by the Class Administrator at their own cost. After the parties agree to the translated Notice and Claim Form, they will be sent by the Class Administrator in English and Spanish to the last known addresses of all hourly employees who were employed by El Milagro in any Chicago-area facility at any time between July 1, 2008-June 30, 2012. The Parties propose distribution of the settlement funds as follows:

| | |
|---|---|
| Total Settlement Fund | $2,550,000 |
| Class Distributions | $1,692,500 |
| Attorneys' Fees and Costs | $850,000 |
| Service Award | $7,500 |

The Parties' propose the following formula for the Class Distributions, which is based upon the allegations in the Complaint and will be made on a claims-made basis. Attorney and Fees are discussed infra in Section III. Each class member's proportionate share of the Class Distribution shall be calculated by the Class Administrator as follows:

Defendant El Milagro will pay to each Class Member who submits a timely claim using the agreed Claim Form and fulfills the conditions of the claims procedure specified in this Settlement Agreement, $13.16 per week for each of the weeks during which he or she worked any workdays between July 1, 2008 and June 30, 2012. The per-week formula is determined by dividing the sum of $1,692,500 by the total number of workweeks worked by Class Members between July 1, 2008 and June 30, 2012 (128,613). Of the amount paid to each such Class Members, 98% will be deemed wages and subject to normal payroll tax withholding and W-2 reporting, and 2% will be deemed non-wage income and reported on Form 1099. Defendant El Milagro shall be responsible for all employer-paid and due taxes on the wage portions of this Settlement, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes. Defendant will make such payments within 14 days after the appeal deadline of the Court's Order of Final Approval to the Claims Administrator.

In addition, the proposed settlement would include an incentive payment of $7,500 for named plaintiff Pastora Leon. Incentive payments have been routinely approved by the courts in class action settlements as a way of compensating class representatives who have lent their names and efforts to the prosecution of litigation on behalf of others. Courts have also recognized that such payments can serve an important function in promoting class action

settlements. See Sheppard v. Consolidated Edison Company of New York, Inc., 2002 WL 2003206, *5-6 (E.D.N.Y. 2002) (collecting cases approving incentive payments).[2]

The combined total of any unclaimed Settlement Fund amounts and the amounts of the settlement checks that Settlement Class Members fail to cash or negotiate within 120 days of mailing, if any, shall revert to the Company. El Milagro shall not be responsible for any payments or obligations other than those specified in the Settlement Agreement. (See Ex. 2).

As set forth below, this proposed distribution fairly allocates settlement funds among the proposed class, and balances the related litigation risks associated with further pursuing the claims. The proposed distribution also allocates 1/3 for attorneys' fees and costs, as well as $7,500 as incentive payments for the named plaintiff.

## II. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

It is well-established that courts favor settlements of lawsuits over continued litigation. See, e.g., Williams v. First Nat'l Bank, 216 U.S. 582, 595 (1910); Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir. 1996); Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc., 630 F.2d 1164, 1166 (7th Cir. 1980) (providing that federal courts look with great favor upon the voluntary resolution of litigation through settlement); Armstrong v. Bd. of Sch. Dir. of City of Milwaukee, 616 F.2d 305, 312-13 (1980) overruled on other grounds (opining that judicial policy strongly favors settlement of disputes over litigation, particularly in class action lawsuits); Metropolitan Hous. Dev. Corp. v. Village of Arlington Heights, 616 F.2d 1006, 1013 (7th Cir. 1980) (providing that "the law generally favors and encourages settlements").

---

[2] See also Ingram v. The Coca-Cola Co., 200 F.R.D. 685, 694 (N.D. Ga. 2001) (awarding $300,000 to each of four representative plaintiffs); In re Dun & Bradstreet Credit Servs. Customer Litig., 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (citing cases in support of incentive payments and awarding payments ranging from $35,000 to $50,000 for named plaintiffs); Yap v. Sumintomo Corp. of Am., 1991 WL 29112, *9 (S.D.N.Y. 1991) (awarding $30,000 additional compensation to representative plaintiffs due, in part, to risk of retaliation).

Before granting approval of a proposed class action settlement, the Court must find that the settlement is fair, reasonable, and adequate. See Fed. R. Civ. P. 23(e)(2). The Seventh Circuit explained in Isby: "Federal courts naturally favor the settlement of class action litigation. Although such settlements must be approved by the district court, its inquiry is limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." 75 F.3d at 1196. Courts should "not focus on individual components of the settlements, but rather view them in their entirety in evaluating their fairness" and should consider the facts "in the light most favorable to the settlement." Id. at 1199 (quoting EEOC v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985)).

In considering whether a settlement is "fair, reasonable, and adequate," the Court should consider the following factors: "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." Id. In this case, an examination of these factors demonstrates that the proposed settlement is fair, reasonable, and adequate to the members of the class, and should be preliminarily approved by the Court. As set forth in the Complaint, Plaintiffs' claims include that El Milagro did not pay for all "off the clock" work time including but not limited to time spent donning and doffing. As such, Plaintiffs allege that the employees were not paid for all hours worked. El Milagro denies liability and asserts several affirmative defenses in this case. Having ruled on the Parties' cross-motions for summary judgment, the Court is thoroughly familiar with the potential liability in this matter, as well as the risk that Plaintiff would have taken moving forward with her claims. See (D.E. 52)

This settlement satisfies the elements typically considered by courts in approving class action settlements. Here, discovery has already taken place, including the Fed. R. Civ. P. 30(b)(6) deposition of a Company representative, the production of a significant number of documents by the Defendant, videotaped inspection of all five of Defendant's Illinois facilities, and other voluminous written discovery. The Parties thoroughly briefed and the Court ruled on cross-motions for summary judgment. El Milagro also provided Plaintiff's counsel with extensive data relating to damages -- the number of employees in the class, pay rates, as well as a sampling of time records from which time lost due to donning and doffing could be ascertained with statistical significance. Based on that information, the Parties performed a damages analysis, and the parties engaged in a full-day settlement conference with Hunter Hughes, a private mediator. This settlement was reached after provision of additional documents and information by El Milagro and extensive analysis of these documents and the strengths and weaknesses of the case by the Parties' counsel.

The Mediator, Hunter R. Hughes, is a Partner in the Atlanta firm of Rogers & Hardin, LLP practicing primarily in the area of employment law. He has successfully served as lead trial counsel in numerous employment and other cases, including nationwide class actions and mass employment litigation. He has been lead counsel in arbitrations as well as numerous proceedings before state and federal agencies. The "National Law Journal" has recognized him as "among the Nation's Best Litigators in Employment [law]." Mr. Hughes has successfully served as the mediator in numerous employment class actions, including the Publix class action, which was the largest certified employment class action in the country, the Home Depot and Winn Dixie employment class actions as well as the Burlington Northern genetic testing litigation. He also

served as the mediator in The Coca-Cola Company class action litigation and recent class actions involving Boeing Aircraft Company. See http://www.acctm.org/hhughes/.

When sufficient discovery has been provided and there is evidence that the parties have bargained at arms-length, particularly with the assistance of a professional and qualified mediator, there is a presumption in favor of the settlement. See, e.g., City Partnership Co. v. Atlantic Acquisition, 100 F.3d 1041, 1043 (1st Cir. 1996); United States v. Cannons Engineering Corp., 720 F. Supp. 1027, 1036 (D. Mass. 1989); Berenson v. Faneuil Hall Marketplace, Inc., 671 F. Supp. 819, 822 (D. Mass. 1987) (where a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation, and conducted by capable counsel, it is presumptively fair). Moreover, "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." Burkholder v. City of Ft. Wayne, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010 (quoting Carter v. Anderson Merchandisers, LP, 2010 WL 144067, at *6 (C.D.Cal. Jan. 7, 2010). Here, all of the elements exist for the Court to find that the proposed settlement is in fact fair to the class members.

### III. THE REQUESTED ATTORNEYS' FEE IS FAIR AND REASONABLE AND SUPPORTED BY THE APPLICABLE PRECEDENT.

Counsel for Plaintiff is highly experienced representing employees in employment litigation generally, and in wage and hour matters specifically. Alejandro Caffarelli is one of the founding shareholders of Caffarelli & Siegel Ltd. and the Immediate Past President of NELA-Illinois, the largest plaintiff employment lawyers' group in Illinois. Prior to becoming President, he served for many years on the Board of Directors. With over fifteen years of experience representing employees, Mr. Caffarelli has appeared in over 100 cases filed in the U.S. District Court for the Northern District of Illinois alone, where he has first-chaired a number of jury trials, as well as argued before the Seventh Circuit Court of Appeals. In recognition of his

achievements, Mr. Caffarelli has been awarded the highest "AV" rating in ethics and ability since 2008 by LexisNexis' Martindale-Hubbell, one of the oldest and most respected peer-review based rating services for attorneys.  In 2010, Mr. Caffarelli was one of the very few plaintiffs' employment lawyers to be named a "Rising Star" by Super Lawyers Magazine.  Since 2011, he has been named an Illinois "Super Lawyer" in the area of Employment Litigation on behalf of employees.  Each year, only a very small percentage of Illinois attorneys receive the honor of being named a Super Lawyer.  Mr. Caffarelli is frequently invited to speak before numerous lawyers' groups, including the American Bar Association section of Labor and Employment, the National Employment Lawyers' Association, the Chicago Bar Association, and the American Immigration Lawyers' Association.

 Mr. Siegel, who has also been named an Illinois "Super Lawyer" since 2009, including one of Illinois' "Top 100" lawyers in all fields in 2012, and rated "AV" by Martindale-Hubbell since 2008, has primarily represented employees in a variety of employment matters, including wage and hour cases in general, and class and/or collective actions in particular.  Mr. Siegel has represented employees in more than fifty cases filed under state and federal wage and hour laws, and represented countless other employees in wage and hour matters that were resolved prior to filing a complaint.  Mr. Siegel has also spoken to lawyers and non-lawyers alike about wage and hour cases around the country and in national continuing legal education conferences.  Prior to founding Caffarelli & Siegel Ltd., both Mr. Caffarelli and Mr. Siegel worked at the management-side firm of Laner, Muchin, Dombrow, Becker, Levin & Tominberg Ltd.

 Mr. Manewith likewise has extensive experience with wage and hour litigation.  Mr. Manewith has over eight years of experience representing employees in wage and hour cases, both on an individual and class/collective basis.  His experience includes approximately forty

9

cases filed under state and federal wage and hour laws, a number of which involved donning and doffing.

Caffarelli & Siegel Ltd. previously has been approved as class counsel in federal court, see e.g. Cardenas et al. v. John B. Sanfilippo & Son, Inc., No. 10-CV-01354 (N.D Ill.) ($2.6 Million Settlement), Barreda, et al. v. Prospect Airport Servs., Inc., No. 08 C 03239 (N.D. Ill.), and Sanchez, et al. v. Stampede Meat, Inc., et al., No. 02 C 5452 (N.D. Ill.), and has prevailed in motions for class certification, as well as many motions to send notice of collective action under the FLSA. Plaintiff's counsel's expertise in wage and hour cases, and particularly cases concerning donning and doffing, contributed to such a prompt and favorable resolution of this case. Plaintiff's counsel used the knowledge derived from these other cases in determining what would be a fair settlement for the plaintiffs in this case. In addition to the legal qualifications of its lawyers, Caffarelli & Siegel Ltd. is devoted to maintaining the highest ethical and professional standards, and is rated "A+" by the Better Business Bureau.

The proposed distribution of the settlement proceeds provides for a one-third share for attorneys' fees and expenses. The proposed notice of settlement will inform class members that one-third of the settlement proceeds would be used to pay for attorneys' fees. Plaintiff's counsel accepted this case on a fully contingent-fee arrangement, with no payment at all made up front and no payment made to date. As noted above, Plaintiff's counsel has extensive experience that is precisely tailored to the nature of the litigation in this case. Plaintiff's counsel was able to draw from the benefit of this experience in litigating these cases. Moreover, Plaintiff's counsel believe they were able to build on prior successes to obtain the prompt resolution of this case. As the Court recognized in ruling on the Parties' cross-motions for summary judgment (D.E. 52)

success was anything but certain in this case, and Plaintiff's counsel took great risks in filing and prosecuting it.

Courts generally favor awarding fees from a common fund, based upon the percentage of the fund method. As the Supreme Court has explained:

> [T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. . . . Jurisdiction over the fund involved in the litigation allows a Court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980) (citations omitted.) See also Blum v. Stenson, 465 U.S 886, 900 n.16 (1984). A one-third attorney's fee in a common fund case has been consistently approved in Illinois as reasonable. Examples of wage and hour cases from the Northern District of Illinois and the Chancery Court of the Circuit Court of Cook County in which a one-third fee was approved include: Acosta, et al. vs. Scott Labor, et al., Case No. 05 C 2518 (D.E. 120) (awarding 33 1/3% of common fund in overtime case); Yon v. Positive Connections, Inc., Case No. 04 C 2680 (D.E. 69) (awarding 33% of the common fund in overtime case); Sanchez v. Stampede Meat, Inc., Case No 02 C 5452 (D.E. 70) (awarding 33 1/3% of common fund in overtime case); Gonzalez v. Labor Network, Case No. 05 C 4864 (D.E. 137) (awarding 33 1/3% of common fund in overtime case); Perugachi v. Valet Parking Service, Inc., Case No. 04 C 1783 (D.E. 60) (awarding 33% of the common fund in overtime case); Alejandro v. Surestaff, Inc., Case No. 04 C 2889 (D.E. 33) (awarding 33% of the common fund in overtime case); Aguirre et al v. Central Continental Bakery, Inc., Case No. 05 C 2013 (D.E. 54) (awarding 33% of the common fund in overtime case); Herrera v. Chicago Mattress, Inc., Case No. 06 C 1872 (D.E. 49) (awarding 33% of the common fund in overtime case); Flores v. Jorge Arteaga Corp., Case No. 05 C 2057 (D.E. 53) (awarding 33 1/3% of common fund in

minimum wage and overtime case); <u>Ortegon v. Staffing Network, Inc.</u>, Case No. 06 CH 12679, Order dated July 24, 2009, (awarding 33% of common fund in IDTLSA and overtime case); <u>Perezchica, et al. vs. Eastco International Corp., et al</u>, Case No. 07 CH 04726, Order dated March 18, 2008 (awarding 33 1/3% of common fund in overtime case). Given this precedent and practice in the Northern District of Illinois of consistently approving one-third recovery for attorneys' fees in similar class action wage and overtime cases, a one-third recovery here to Caffarelli and Siegel Ltd. is reasonable.

**V.      PROPOSED CERTIFICATION OF A FED. R. CIV. P. 23(B)(3) CLASS.**

Under the Agreement, and solely for purposes of settlement, the Parties stipulate to the certification of a class under Rule 23 as follows:

> All current and former hourly production employees at El Milagro's Chicago facilities between July 1, 2008-June 30, 2012

There are 1,111 current and former employees of El Milagro who have, claims arising under the allegations of Plaintiff's Complaint. Fed. R. Civ. P. 23(a) provides for certification of a class when (1) the class is so numerous as to make joinder of all members impracticable, (2) there are common questions of law or fact, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the class. <u>Hinman v. M and M Rental Center, Inc.</u>, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008). Plaintiff seeks to certify the class under Rule 23(b)(3), which further requires that common questions of law or fact predominate over individual questions. <u>Id</u>. Here, Plaintiff alleges and Defendant does not deny or contest that the state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

## CONCLUSION

Plaintiff respectfully requests that the Court enter an Order granting the relief requested herein, and as summarized in the Parties' Proposed Order of Preliminary Approval, attached as Exhibit 1.

Dated: August 9, 2012

Respectfully submitted,

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| /s/ Alejandro Caffarelli | /s/ Eric R. Magnus |
| Alejandro Caffarelli, #06239078 | Eric R. Magnus |
| Marc J. Siegel, #06238100 | JACKSON LEWIS, LLP |
| Bradley Manewith, #06280535 | 1155 Peachtree Street, NE |
| Caffarelli & Siegel Ltd. | Suite 1000 |
| 180 North Stetson Ste. 3150 | Atlanta, GA 30309 |
| Chicago, IL 60601 | Tel. (404) 586-1820 |
| Tel. (312) 540-1230 | Fax (404) 525-1173 |
| Fax (312) 540-1230 | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached, **Joint Motion for Preliminary Approval of Class Settlement**, was served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on August 9, 2012.

Gregory H. Andrews
JACKSON LEWIS LLP
150 N. Michigan Ave, Suite 2500
Chicago, IL 60601

Eric R. Magnus
JACKSON LEWIS, LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA 30309

A courtesy copy was delivered to the chambers of Judge Zagel.

/s/ Alejandro Caffarelli
Attorney of Plaintiff