UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PASTORA LEON, on behalf of herself and all other similarly situated persons, known and unknown | )<br>)<br>) Case No. 1:11-cv-04255<br>)<br>) |
| Plaintiff, | ) Judge James B. Zagel |
| v. | )<br>) |
| EL-MILAGRO, INC., | )<br>) |
| Defendant. | ) |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS SETTLEMENT

The Court has considered the Unopposed Motion for Final Approval of Class Settlement and other related materials, as well as the Plaintiff's presentation at the hearing on final approval, and, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the parties' Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified by this Court in its August 14, 2012 Order, which is defined as:

> Current or former hourly employees who worked at El Milagro's Chicago processing plants at any period of time from July 1, 2008 to June 30, 2012 who submit a timely Claim form.

3. The settlement memorialized in the Settlement Agreement falls within the range of reasonableness and meets the requirements for final approval.

4. The Notice Regarding Proposed Settlement of Class Action ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail, adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the toll-free telephone number established by the settlement claims administrator, Simpluris, Inc., ("Claims Administrator"), and informed the Class Members of the contact information for Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class provided the best notice practicable under the circumstances, met the requirements of due process and otherwise satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

5. The Settlement is fair, reasonable and adequate, is in the best interests of the Class Members, and is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general, and with the legal and factual issues in this case in particular; specifically, the Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against El Milagro's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the settlement amounts as set forth in the Notice Materials are a fair, reasonable and adequate settlement of the Class Representatives' individual claims and the claims of the Class; (c) the Settlement was reached pursuant to arm's length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for El-Milagro, who have significant experience representing parties in complex class actions, including those involving wage and hour claims,

weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and, (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. Pursuant to the terms of the Settlement Agreement, this Settlement shall be funded by El Milagro, by December 31, 2012. The Settlement Fund will be set up, held and controlled by the Claims Administrator. No other funds shall be added to or comingled with the Settlement Fund. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Fund except as expressly provided in the Settlement Agreement.

7. With respect to the Settlement Fund, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

8. The Settlement Fund, including all interest or other income generated therein, shall be in custodia legis and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

9. The Incentive Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid from the Settlement Fund to Pastora Leon in the amount of $7,500.

10. Class Counsel is awarded $850,000.00 for reasonable attorneys' fees and for reimbursement of reasonable and necessary costs. Class Counsel shall receive such payments from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Participating Claimants shall receive their settlement shares according to the procedures set forth in the Settlement Agreement.

12. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of Settlement is bound by the terms of the Settlement Agreement and fully releases and discharges El Milagro, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

13. The Court finds that the 321 individuals identified by the Claims Administrator, as set forth by the Declaration of Krista Tittle, have submitted valid forms and have been accepted as timely and complete by El Milagro as provided for in the Settlement Agreement. These individuals are bound by the terms of the Settlement Agreement and are entitled to participate in the monetary portion of the Settlement. These individuals who affirmatively opted-in to the Settlement have fully released and discharged El Milagro and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement against El Milagro and all other Released Parties set forth in the Settlement Agreement that the parties agreed to release in the Settlement Agreement.

14. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; or (d) that El Milagro has engaged in any wrongdoing.

15. This Court grants final approval of the Settlement, and this matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement.

The Court retains jurisdiction for ninety (90) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

IT IS SO ORDERED.

Dated: 6 Dec, 2012

The Honorable James B. Zagel
United States District Court Judge